IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN A. RILEY, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CIVIL ACTION NO. 07-233 (ERIE) |
| | ) | |
| ERIC K. SHINSEKI, | ) | JUDGE SEAN J. MCLAUGHLIN |
| Secretary, Department of | ) | |
| Veterans Affairs,[1] | ) | Electronically Filed |
| | ) | |
| Defendant. | ) | |

**REPLY BRIEF IN SUPPORT OF**
**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

In his Brief in Opposition to Defendant's Motion for Summary Judgment ("Plaintiff's Opposition" or "Pls' Opp."), *pro se* plaintiff John A. Riley, Jr. alleges that his former employer discriminated against him based on two allegedly retaliatory acts. First, plaintiff complains of the Erie VAMC's decision, proposed in May 2005 and sustained in July 2005, to suspend him for three days. Second, plaintiff alleges discrimination based on the Erie VAMC's decision to terminate his employment, which was proposed in July 2005 and sustained in November 2005. During his deposition, plaintiff appeared to allege that defendant took a third materially adverse action against him related to the convening of a single-member AIB following his responses to the proposed removal; however, Plaintiff's Opposition now makes clear that any such claim has since been abandoned. (*Compare* Plaintiff's Depo., pp. 160-61 (Ex. 1) *with* Pls' Opp., p. 1).[2]

---

[1] Eric K. Shinseki succeeded James B. Peake, M.D. as Secretary of the Department of Veterans Affairs on January 21, 2009. Dr. Peake succeeded R. James Nicholson as Secretary of the Department of Veterans Affairs on December 20, 2007. Thus, under Rule 25(d)(1) of the Federal Rules of Civil Procedure, Mr. Shinseki is automatically substituted for Mr. Nicholson and Dr. Peake as the party defendant in this case.

[2] Citations to "(Ex. __)" refer to the exhibit numbers of documents contained in a separate Appendix of Exhibits in Support of Defendant's Motion for Summary Judgment.

With regard to the two allegedly retaliatory acts at issue, Plaintiff's Opposition fails to demonstrate, as required to make out to make out a *prima facie* case, a causal connection between plaintiff's protected activity and either his suspension or termination from employment. Plaintiff's attempts to establish causation misstate the record, or are based on unreasonable inferences. Nor does Plaintiff's Opposition rebut defendant's legitimate, nondiscriminatory reasons for his suspension and removal from employment. As detailed in the Brief in Support of Defendant's Motion for Summary Judgment ("Defendant's Opening Brief" or "Def's Br."), plaintiff was suspended for missing deadlines on a video conferencing project that had a direct impact on patient care, and he was removed for his role in a "devastating" server crash and data loss incident that began on May 24, 2005. That incident resulted in three days of server downtime at the Erie VAMC and the loss of about two and a half months' worth of data for numerous users. Finally, Plaintiff's Opposition fails to adduce any evidence that these reasons were a pretext for unlawful discrimination. Although it demonstrates that plaintiff disagrees with these decisions, Plaintiff's Opposition provides no evidence of unlawful retaliation. As such, defendant's motion for summary judgment should be granted.

## ARGUMENT

**I.  PLAINTIFF CANNOT MAKE OUT A *PRIMA FACIE* CASE OF RETALIATION BASED ON EITHER HIS SUSPENSION OR REMOVAL FROM EMPLOYMENT**

As previously explained, a plaintiff must demonstrate a causal connection between the protected activity and the materially adverse employment action to make out a *prima facie* case of discrimination based on retaliation. (*See* Def's Br., pp. 4-5, 7-8) (citing cases). In this case, plaintiff alleges that he was retaliated against based on one or more of the following instances of

protected activity: (1) testifying in Counts I between 1999 and 2001; (2) testifying in Counts II on November 10, 2004; and (3) contacting an EEO Counselor on June 2, 2005 and filing his EEO Complaint on July 11, 2005. (*See generally*, *id.*, p. 5); (Pl's Opp., pp. 7-10). Plaintiff's Opposition attempts to establish a causal connection between these events and his suspension and termination by arguing that: (1) certain Erie VAMC employees had knowledge of his protected activity (*see* Pls' Opp., pp. 5-7); (2) there is temporal proximity between his protected activity and the allegedly retaliatory acts (*see id.*, pp. 7-10); and (3) multiple employees at the Erie VAMC were biased against him (*see id.*, pp. 10-16). None of these arguments has any merit.

To begin with, plaintiff attempts to establish a causal connection because the following individuals allegedly had prior knowledge of his protected activities: Michael Adelman, M.D., David Wood, Connie Faluszczak, Brian Wilshire, John Duemmel and Valarie Delanko. (*See id.*, pp. 5-6). But because the decisionmakers were Mr. Duemmel and Dr. Adelman (as to plaintiff's suspension), and Ms. Delanko and Mr. Wood (as to his termination), other individuals' knowledge is irrelevant.[3] *See, e.g., Rogers v. City of Chicago*, 320 F.3d 748, 754 (7th Cir. 2003). Although some of the decisionmakers had knowledge of Counts I and II, each testified that they had no knowledge *of plaintiff's participation* in either case until after plaintiff raised the issue in response to his proposed removal. (*See* Def's Br., p. 10) (citing testimony). Plaintiff's attempts to demonstrate prior knowledge – such as by alleging that Joseph Delanko's knowledge of plaintiff's participation in Counts I should be imputed to his future wife under an unexplained

---

[3]Plaintiff's allegations that Ms. Faluszczak and Mr. Wilshire had prior knowledge of his protected activities are also based on unwarranted assumptions. (*See id.*, pp. 6-7). Moreover, he fails to provide any facts or authorities to support his assertion that Ms. Faluszczak's alleged knowledge can be imputed to the decisionmakers. (*See id.*, p. 6).

"spousal privilege" (*see* Pl's Opp., p. 7) – fail to defeat summary judgment. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 330, n.2 (1986) (explaining that only "reasonable inferences" arising from facts may preclude summary judgment). Moreover, it was plaintiff himself who informed the decisionmakers of his testimony in Counts I and II, and of his own EEO activity. (*See*, *e.g.,* E-mail from V. Delanko to C. Faluszczak dated June 3, 2005 (PX 16).[4]

Plaintiff's temporal proximity argument also fails. Plaintiff cannot and does not dispute that as to Counts I, several years elapsed between his testimony and his suspension and termination. (*See* Def's Br., pp. 8-9). Nor is there a dispute that six months passed between Counts II and even the earlier of the allegedly retaliatory acts. (*See id.*)[5] Instead, plaintiff attempts to show a temporal link by arguing that his testimony was closer in time ***to acts other than*** the suspension and termination. For example, plaintiff alleges that he "began the VISN LAN Assessment Project and was absolved of his day-to-day IT duties by Mr. Palmer" on October 1, 2004. (*See* Pl's Opp., p. 8). Plaintiff's citation to such other events is of no consequence, however, because it is "the timing of the alleged retaliatory action [that] must be unusually suggestive of retaliatory motive." *Williams,* 380 F.3d at 760.

With regard to the timing of plaintiff's own EEO activity, there is no dispute that – before he even contacted an EEO Counselor – he was already notified of his proposed suspension and the server crash and data loss incident that led to his termination had taken place. (*See* Def's Br.,

---

[4]Citations to "(PX. __)" refer to the exhibit numbers of documents contained in the Appendix of Exhibits in Support of Plaintiff's Response to Defendant's Concise Statement of Material Facts in Support of His Motion for Summary Judgment.

[5]As a matter of law, the time period therefore fails to raise an inference of discrimination. *See Williams v. Phila. Housing Auth. Police Dep't,* 380 F.3d 751, 760 (3d Cir. 2004) (two months not unduly suggestive).

p. 9). The fact that he initiated EEO activity in response to proposed, progressive discipline does not demonstrate causation. *See, e.g., Hervey v. County of Koochiching*, 527 F.3d 711, 723 (8th Cir. 2008) (holding that the employer's adverse action "was a logical consequence of [the plaintiff's] pre-existing disciplinary problems"); *Zenni v. Hard Rock Café Int'l, Inc.*, 903 F. Supp. 644, 655-56 (S.D.N.Y. 1995) (plaintiff did not establish causal connection where he committed infractions and the defendant negatively evaluated him before he complained about alleged discrimination).

Plaintiff's attempt to establish a "pattern of antagonism" also fails. This attempt consists entirely of allegations that a host of Erie VAMC employees – Dr. Adelman, Messrs. Wood and Wilshire, and Mss. Faluszczak and Delanko – were "biased" to conspire against him. Again, the alleged bias of Ms. Faluszczak and Mr. Wilshire is irrelevant because they were not decisionmakers. *See Rogers*, 320 F.3d at 754. Additionally, the "bias" of these individuals is based on nothing more than unreasonable inferences or simple disagreements with plaintiff. For example, plaintiff alleges that Mr. Wood was biased because he "did not accept any of [plaintiff's] arguments made in opposition to the AIB Report of Investigation." (Pl's Opp., p. 12). Plaintiff also complains that Mr. Wood "exhibited a strong bias by labeling [plaintiff] a 'liar' before the MSPB." (*Id.*) The record reveals that this characterization is false. Rather, Mr. Wood testified that he found plaintiff not credible as to one of his arguments and that, when asked on cross-examination whether plaintiff had lied, he responded that, "I don't know if he lied, per se but his version of the facts is certainly not consistent with what I viewed in the documentation. So if you want to call that lying, then I guess yes." (MSPB hearing testimony, p. 323 (PX 1)). Such "[b]road, conclusory attacks on the credibility of a witness will not, by

themselves, present questions of material fact." *Island Software and Computer Service, Inc. v. Microsoft Corp.*, 413 F.3d 257, 261 (2d Cir. 2005). Accordingly, plaintiff has failed to allege the requisite causal connection for a *prima facie* case of retaliation.

## II. DEFENDANT HAS PROVIDED NONDISCRIMINATORY REASONS FOR HIS DECISIONS REGARDING PLAINTIFF'S SUSPENSION AND REMOVAL, WHICH PLAINTIFF CANNOT SHOW WERE PRETEXTUAL

As detailed in Defendant's Opening Brief, plaintiff was suspended because he failed meet established deadlines for installation of the V-Tel systems at the Crawford and Warren VA CBOCs, and this failure had a direct impact on patient care. (*See* Def's Br., p. 11). Specifically, the V-Tel enables the medical center to provide behavioral health care to patients who would not otherwise be able to take advantage of these types of services; as such, plaintiff's failure to install the V-Tel systems properly and on time decreased the medical center's ability to provide services to patients with behavioral health disorders and had a negative impact on the facilities' behavioral health performance measures. (*See* Letter from J. Duemmel to J. Riley, Jr. dated May 25, 2005 re: Proposed Suspension, pp. 1-2 (Ex. 7)).

Moreover, defendant explained that plaintiff was terminated based on his central role in a "devastating" server crash and data loss incident at the Erie VAMC that began on May 24, 2005. (*See* Def's Br., pp. 11-13). Although plaintiff's duties included responsibility for ensuring that the LAN servers were successfully backed-up, the last successful back-up occurred on March 11, 2005. (*See* Letter from V. Delanko to J. Riley, Jr. dated July 22, 2005 re: Proposed Removal (Ex.12)). Plaintiff's failure to perform the required backups caused the Erie VAMC to experience three days of server downtime and the loss of two and a half months' worth of saved

work and information, which caused staff members in many cases having to redo or recreate documents.  (*See id.*)

In an attempt to satisfy his burden of showing that these legitimate, nondiscriminatory reasons are merely a pretext for retaliation, Plaintiff's Opposition asserts the following four arguments: (1) defendant allegedly censored and manipulated relevant material evidence (*see* Pl's Opp., pp. 18-19); (2) the proffered reasons are allegedly unworthy of belief for six separate reasons (*see id.*, pp. 19-23); (3) Mr. Wood allegedly "rubber-stamped" the proposed removal (*see id.*, pp. 23-24); and (4) plaintiff was allegedly subjected to "malicious prosecution" following his termination from employment (*see id.*, pp. 24-25).  For the reasons explained below, these arguments show that, at best, that plaintiff disagrees with defendant's stated reasons for its adverse employment actions.  But none of these arguments sets forth evidence such that a reasonable factfinder could rationally find defendant's proffered legitimate reasons to be unworthy of credence.  *See Fuentes v. Perskie*, 32 F.3d 759, 765 (3d Cir. 1994).

Consistent with other arguments in Plaintiff's Opposition, the conclusion that defendant had a "practice of concocting, witholding [sic] or manipulating relevant and material evidence" is simply unsupported by the evidence.  For example, plaintiff points to a Report of Contact signed by Mr. Wilshire indicating that he gave plaintiff a verbal counseling.  (*See* Pl's Opp., p. 18). According to plaintiff, this document was "concocted" because Mr. Wilshire subsequently corrected the date – from February 23, 2005 to February 22, 2005 – that the verbal counseling took place.  (*See id.*); (Report of Contact executed by B. Wilshire (Ex. 9)).  Plaintiff has no evidence that the verbal counseling did not take place on a date other than February 23, 2005. (*See* Plaintiff's Depo., p. 84 (Ex. 1)).  Nor does he point to any evidence that the corrected date

was anything other than a mistake. Also without merit is plaintiff's allegation that defendant withheld evidence because he produced documents in discovery that were not allegedly provided during the administrative process. (*See* Pl's Opp., pp. 18-19). This conclusion is again unreasonable, because some documents may not have been produced based on a legitimate claim of privilege, or based on the scope of the discovery request.[6] Further, allegations of withheld documents fail to "demonstrate such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could rationally find them 'unworthy of credence.'" *Fuentes*, 32 F.3d at 764.

Plaintiff's Opposition next argues that defendant's proffered reasons are unworthy of belief for reasons a through f. As summarized below, none of which have merit:

- In arguments a and e, plaintiff asserts that the reprimand he received on April 4, 2003 should have been removed from his personnel file after two years. (*See* Pl's Opp., p. 19). It is undisputed, however, that the Erie VAMC had **discretion** to retain the reprimand in his folder for up to three years. (*See* Plaintiff's Depo., pp. 68-69 (Ex. 1)). Plaintiff's disagreement with his supervisors' exercise their of discretion does not establish pretext.[7]

- Arguments b and d essentially assert that there was insufficient evidence to establish that he was responsible for performing back-ups. (*See* Pl's Opp., pp. 19-20). As already demonstrated, the record is replete with evidence demonstrating

---

[6]Plaintiff's assertion that "Defendant actively engaged in discussions surrounding whether or not to the [sic] deliver relevant material evidence to [plaintiff]" is based on an inadvertently produced document subject to the attorney-client privilege and/or attorney work-product. (*See* Notes dated October 4, 2005 (PX 62)) (reflecting discussions with "Mark," a reference to agency counsel Mark Frassinelli, Esq.). As such, defendant will promptly notify plaintiff by letter of its claims to this document pursuant to Fed. R. Civ. P. 26(b)(5)(B). *See also* Fed. R. Evid. 502.

[7]Plaintiff's reliance on P.L. 107-347 (*see* Pl's Opp., p. 22) is perplexing. A review of the text does not reveal any requirement to specify individuals responsible for back-ups and, as noted below, plaintiff's responsibility for back-ups is well-documented. Moreover, it is difficult to perceive how the alleged failure to comply with this law shows discrimination against plaintiff.

       plaintiff's responsibility. (*See* Def's Br., pp. 18-19); (*see also* Position Description for IT Specialist, GS-2210-12 dated July 25, 2002 (Ex. 3)). At most, these argue that defendant made a wrong or bad decision in terminating plaintiff's employment; they fail to establish that such reasons are unworthy of credence.

- Likewise, plaintiff's argument c – that he was set up to fail because Ms. Delanko gave him a short period of time to complete a task (see Pl's Opp., pp. 20-21) – shows only that he disagrees with the Erie VAMC's charge that he failed to follow instructions. The conclusion is also unsupported by the evidence, which shows that Ms. Delanko needed the information promptly for presentation to the Executive Leadership Board. (*See* Letter from V. Delanko to J. Riley, Jr. dated July 22, 2005 re: Proposed Removal (Ex.12)).

- In argument f, plaintiff alleges that defendant's subsequent removal of Mr. Wilshire for failing to perform back-ups somehow supports his claim of discrimination. (*See* Pl's Opp., pp. 22-23). Although the logic of this argument is unclear, it is also demonstrably faulty. To the contrary, the evidence demonstrates that the Erie VAMC treated Mr. Wilshire the same as plaintiff; as such, it fails to give rise to any inference of discrimination. *See Fuentes,* 32 F.3d at 365 (providing that a plaintiff may carry his burden of demonstrating pretext by showing, for example, "that the employer treated other, similarly situated persons not of his protected class more favorably.").

Third, Plaintiff's Opposition makes several complaints about Mr. Wood, including that he allegedly called plaintiff a "liar" and relied on plaintiff's reprimand, which plaintiff contends should have been removed from his personnel file after two years. (*See* Pl's Opp., pp. 23-24). For the reasons already discussed, plaintiff's complaints with regard to Mr. Wood have no merit. Moreover, they are another attempt to show that defendant was wrong or made a bad decision with regard to suspending him and terminating his employment. It does not amount to evidence of retaliation. *See Fuentes*, 32 F.3d at 765.

Finally, plaintiff alleges discrimination based on "malicious prosecution" related to the VA's 2006 investigation of plaintiff for allegedly accessing an Erie VAMC computer network without authorization and misappropriating an Erie VAMC computer hard drive. (*See* Pl's Opp.,

pp. 24-25); (Comprehensive Report of Investigation (PX 63)).  Because the investigation did not occur until *after* his termination from employment effective November 2005, it has no relevance to plaintiff's retaliation claims.  The fact that the VA's investigation could not substantiate the allegations made against plaintiff fails to demonstrate any retaliatory animus – to the contrary, the finding belies any such allegations of discrimination against plaintiff.

## CONCLUSION

For all the foregoing reasons, as well as those stated in Defendant's Opening Brief, the Court should grant defendant's motion for summary judgment and enter judgment in defendant's favor as to each of plaintiff's claims.

    Respectfully submitted,

    MARY BETH BUCHANAN
    United States Attorney

    s/ Megan E. Farrell
    MEGAN E. FARRELL
    Assistant U.S. Attorney
    Western District of PA
    700 Grant Street, Suite 4000
    Pittsburgh, PA 15219
    (412) 894-7429
    PA I.D. No. 76972

    Counsel for defendant Eric K. Shinseki,
    Secretary, Department of Veterans Affairs

Dated: March 11, 2009

**CERTIFICATE OF SERVICE**

I hereby certify that on this 11th day of March, 2009, a true copy of the foregoing Reply Brief in Support of Defendant's Motion for Summary Judgment was served via electronic mail and/or first class mail, to the following:

John A. Riley, Jr.
P.O. Box 41
East Springfield, PA 16411

s/ Megan E. Farrell
MEGAN E. FARRELL
Assistant U.S. Attorney